IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-301 (MTT) ) |
| **ALONAN MANUFACTURING, INC.,** *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Branch Banking and Trust Company ("BB&T") has moved for default judgment against Defendant Alonan Manufacturing, Inc. ("Alonan"). (Doc. 14). For the following reasons, the motion is **GRANTED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2000, Alonan executed a promissory note in the original principal amount of $371,000.00, as modified by an agreement dated May 8, 2009 ("Note 1"). (Doc. 1 at ¶ 8). On October 11, 2002, Alonan executed a promissory note in the original principal amount of $75,000.00, as modified and amended by an agreement dated November 20, 2012 ("Note 2"). (Doc. 1 at ¶ 12). BB&T attached Note 1 and Note 2 ("the Notes") to its complaint. (Docs. 1-1; 1-2). Alonan defaulted on both of the Notes by failing to make payments when due. (Doc. 1 at ¶¶ 19, 22). BB&T provided a notice of default to Alonan as a result of its failure to pay amounts due under the Notes and demanded the immediate payment of all amounts due under the Notes. (Docs. 1 at ¶ 20; 1-5). BB&T also notified Alonan that it had ten days from its receipt of the notice to

pay the entire amount of all amounts due, without the payment of attorneys' fees provided for in the Notes.  (Docs. 1 at ¶ 21; 1-5 at 3).  After Alonan failed to pay the amount due under the Notes, BB&T filed suit.  (Doc. 1).  On October 19, 2015, the Clerk entered default against Alonan.  BB&T now moves the Court for an entry of default judgment, and Alonan has not responded to the motion.

## II.   DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also* Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, the defendant is deemed to admit all well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  An entry of default against the defendant does not in and of itself establish that the plaintiff is entitled to a default judgment, however.  The defendant is not deemed to admit facts that are not well-pleaded or admit conclusions of law.  *Id.*  "The Court must consider whether the

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). The defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters … .").

The allegations in the complaint establish the Court has jurisdiction based on diversity of citizenship. (Doc. 1 at ¶¶ 1-5). *See also* 28 U.S.C. § 1332. The complaint also establishes the Court has personal jurisdiction over Alonan. (Doc. 1 at ¶ 6).

### A. Liability for Breach of Promissory Notes

As discussed above, BB&T is seeking to recover sums due pursuant to two promissory notes. Pursuant to Georgia law, "[w]here … the record shows that the promissory notes and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law [is] established, and the burden shift[s] to [the defendant] to produce or point to evidence in the record which establishe[s] an affirmative defense." *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006). BB&T has shown Alonan is in default on the Notes based on the allegations in the complaint that are deemed admitted. Thus, Alonan's liability is established.

### B. Damages

No hearing is necessary because there is sufficient evidence on the record for the Court to determine the amount of damages.  BB&T has submitted the affidavit of Steve Blevins, a Senior Vice President for BB&T.  (Doc. 14-2).  The loan history and principal and interest balances for the Notes are attached to Blevins's affidavit.  (Docs. 14-2 at ¶ 16; 14-6).  The evidence submitted shows Alonan is liable for $127,466.64 on Note 1[2] and $42,097.86 on Note 2[3] as of the date of this Order.

### C. Attorneys' Fees

The Court can also determine attorneys' fees without an evidentiary hearing because there is a statutory formula for their calculation.  Both of the Notes provide for the payment of the costs and expenses of collecting the amounts due under the Notes, including court costs and attorneys' fees.  (Docs. 1 at ¶ 11, 15; 1-1 at 4, 7; 1-2 at 4, 8).  Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."  If the note provides for "reasonable attorney's fees" but does not specify a percentage of the principal and interest, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of

---

[2] $92,452.90 – unpaid principal
$3,630.36 – accrued interest as of November 18, 2015
$30,106.78 – bank fees
$1,276.60 – $13.298 per diem interest from November 18, 2015 to February 22, 2016.  (Doc. 14-2 at ¶ 8).

[3] $39,624.82 – unpaid principal
$1,524.37 – accrued interest as of November 18, 2015
$288.19 – bank fees
$660.48 – $6.880 per diem interest from November 18, 2015 to February 22, 2016.  (Doc. 14-2 at ¶ 15).

indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2). A party seeking to collect attorneys' fees as part of this statute must give the debtor written notice of its intent, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees. O.C.G.A. § 13-1-11(a)(3). If all these requirements are met, the provision for attorneys' fees in the note is enforceable. *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The complaint and the Notes show the above requirements have been met. Accordingly, Alonan is liable to BB&T for attorneys' fees in the amount of $9,760.99 for Note 1 and $4,205.97 for Note 2, which is 15% of the first $500.00 of the outstanding principal and interest, plus 10% of the remaining principal and interest.

### III. CONCLUSION

BB&T's motion for default judgment (Doc. 14) is **GRANTED**. Alonan is liable for $183,531.46, which includes principal due on the Notes, accrued interest to date, bank fees, and attorneys' fees.

**SO ORDERED**, this 22nd day of February, 2016.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT